**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Durnez,<br><br>        Plaintiff,<br><br>v.<br><br>R.J.E., L.L.C. d/b/a Vintage Bar on Mill, et al.,<br><br>        Defendants. | No. CV-14-1761-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendants' ("Vintage Bar") motion to dismiss Plaintiff Joseph Durnez's ("Durnez") Complaint for failure to state a minimum wage claim under the Fair Labor Standards Act ("FLSA"). (Doc. 14.) The matter is fully briefed and ready for ruling. (Docs. 15, 16.) After review and evaluation of the pleadings,[1] the Court will deny Vintage Bar's motion to dismiss.

**BACKGROUND**

Durnez was a former employee of Vintage Bar in the occupation of bartender from January 1, 2011, to July 31, 2014. (Doc. 1 at 2.) It is undisputed that Durnez in his occupation as a bartender for Vintage Bar was a tipped employee. Under the FLSA, 29 U.S.C. § 203(t), "'Tipped employee' means any employee engaged in an occupation in which she customarily and regularly receives more than $30 a month in tips." Durnez alleges that

---

[1] After reviewing the briefs, the request for oral argument is denied because the parties have had an adequate opportunity to present their written arguments, and oral arguments will not aid the Court's decision. See Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev., 933 F.2d 724, 729 (9th Cir. 1991).

while working for Vintage Bar he was paid an hourly wage in an amount below the applicable minimum wage and that Vintage Bar took a tip credit for the remainder of his minimum wage payment. (Id.)

Durnez further alleges that he was required to participate in a tip pooling arrangement in which he contributed two percent (2%) of his gross sales each shift to a tip pool that included a general manager, an employee who did not customarily and regularly receive tips. (Id. at 3, 6.) Because Vintage Bar required that tip pooling be shared with employees who do not customarily and regularly receive tips, Durnez alleges that Vintage Bar was disallowed from taking a tip credit from its tipped employees' hourly wages. (Id. at 3.) Therefore, the amount Vintage Bar paid him as a wage, after deducting the disallowed tip credit, violated the minimum wage provisions of the FLSA.

## STANDARD OF REVIEW

Motion to Dismiss

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (further citation and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Id. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to

1  support a cognizable legal claim. See SmileCare Dental Group v. Delta Dental Plan of Cal.,
2  Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless
3  it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."
4  Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). When exercising its
5  discretion to deny leave to amend, a court must be guided by the underlying purpose of Fed.
6  R. Civ. P. 15 to facilitate decisions on the merits, rather than on the pleadings or
7  technicalities. See United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

### FLSA

Under the FLSA, employers must pay employees the federal minimum wage who in any workweek are engaged in commerce or in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce, according to the statutory schedule of the minimum hourly wage. See 29 U.S.C. § 206(a) (2012).

Historically, before 1966, the FLSA did not generally apply to employees in restaurants and hotels. As part of a legislative compromise struck in extending the coverage of the FLSA to these industries, Congress enacted a "tip credit" provision, to accommodate in part the long-standing practice in these industries whereby workers received most or even all of their income from customer tips. See Pub. L. No. 89-601, §§ 101(a), 201(a), 80 Stat. 830, 833 (1966).

From introduction of the tip credit provisions in 1966 through 1996, Congress set the amounts for the minimum employer cash wage and tip credit as a percentage of the minimum wage, ranging from 40% to 60%. The 1996 FLSA amendments changed the tip credit provisions to set the employer's statutory minimum cash wage obligation to a dollar amount ($2.13 per hour), rather than a percentage of the minimum wage. See Pub. L. No. 104-188, § 2105, 110 Stat. 1755, 1928-29. The maximum tip credit thereafter became the difference between $2.13 and the federal minimum wage. Id. Thus, the tip credit provision of the FLSA, § 203(m), allows employers to pay tipped employees $2.13 per hour if the employees' tips suffice to fulfill his or her minimum wage for the workweek. 29 U.S.C. § 203(m).

Specifically, § 203(m) states:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
>
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996 [i.e., $2.13 per hour]; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. *The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.*

29 U.S.C. § 203(m) (2012) (emphasis added).

## DISCUSSION

Durnez argues that Vintage Bar's taking of the tip credit along with its tip pooling requirement violated the FLSA's minimum wage provisions. For example, if a bartender is paid a cash wage of $5.00 an hour, but received average tips in the amount of $10.00 an hour, the employer could claim a tip credit of at least $2.25 to meet its minimum wage obligation to be paid to the employee.[2] However, if the employer does not follow the requirements and uses a tip pool that does not conform to the statute, the employer loses its tip credit. With no tip credit, the statute only recognizes the $5.00 an hour of actual cash wage paid, which would constitute a minimum wage violation under the FLSA, 29 U.S.C. § 206.

Vintage Bar contends that Durnez's complaint should be dismissed because he is attempting to raise a cause of action under 29 U.S.C. § 203(m) seeking its enforcement against illegal tip pooling involving other restaurant staff. (Doc. 14 at 7.) Vintage Bar further contends that Durnez's naming of the general manager as the non-tipped employee who

---

[2] Since July 24, 2009, the federal minimum wage has been set at $7.25 an hour. See 29 U.S.C. § 206(a)(1)(A)-(C).

- 4 -

1 participated in the tip pooling arrangement is insufficient pleading under Twombly/Iqbal.
2 (Id. at 10.)

3 According to Durnez, because the employer took the tip credit for partial payment of
4 his wages, Vintage Bar was required to follow the statutory requirements of § 203(m), which
5 forbids the sharing of tips with employees who do not customarily and regularly receive tips.
6 (Doc. 15 at 1-6.) Based on Durnez's allegations, which are taken as true for the purposes of
7 this motion, Durnez argues that because Vintage Bar shared tip monies with an employee
8 who does not customarily and regularly receive tips, it loses its tip credit. (Id.) With no tip
9 credit, the statute only recognizes the amount of Vintage Bar's actual cash wage paid to
10 Durnez, which was below the minimum wage, and therefore a violation of the FLSA, 29
11 U.S.C. § 206(a). (Id.) Durnez contends that such facts state a cause of action under § 206(a).
12 (Id.)

13 Next, Durnez responds that whether the general manager identified in his complaint
14 was not only an employee who was not customarily tipped but also properly classified as an
15 "employer" under the FLSA is an issue of fact that requires discovery and that such factual
16 inquiry is not appropriate at this time. (Id. at 7, (citing Enesco Corp. v. Price/Costco, Inc.,
17 146 F.3d 1083, 1085 (9th Cir. 1998)).)

18 Vintage Bar replies that given Durnez's long employment with Vintage Bar, it is
19 difficult for him to claim lack of an agreement about tip pooling of which he had notice and
20 to which he did not object. (Doc. 16 at 2.)

21 The Court finds that "[u]nder the FLSA, employers must pay their employees a
22 minimum wage. See 29 U.S.C. § 206(a). The FLSA's definition of 'wage' recognizes that
23 under certain circumstances, employers of 'tipped employees' may include part of such
24 employees' tips as wage payments. See id. § 203(m)." Cumbie v. Woody Woo, Inc., 596
25 F.3d 577, 579-80 (9th Cir. 2010). Thus, pursuant to the statutory provision, § 203(m), an
26 employer is not prohibited from "the pooling of tips among employees who customarily and
27 regularly receive tips." At issue in this case is the pooling of tips that includes an employee
28 who does not customarily and regularly receive tips.

1          In Cumbie, the Ninth Circuit noted that an employer is not entitled to take the tip
2   credit unless it satisfied the two conditions set forth in § 203(m). 596 F.3d at 580. "First,
3   the employer must inform the employee of the tip-credit provisions in section 203(m).
4   Second, the employer must allow the employee to keep all of her tips, except when the
5   employee participates in a tip pool with other customarily tipped employees." Id. Thus, the
6   Cumbie court found that § 203(m) imposes statutory conditions upon taking the tip credit.

7          In Cumbie, there was no question but that the employer's tip pool included
8   non-customarily tipped employees and that the employee did not retain all of her tips because
9   of her participation in the tip pool. Id. at 581. Based on these facts and § 203(m), the
10  Cumbie court stated that the employer was not entitled to take a tip credit, and in fact, the
11  employer had not taken a tip credit from the employee's wages. Id. (citing with approval,
12  Richard v. Marriott Corp., 549 F.2d 303, 305 (4th Cir.1977) for the proposition that if the
13  employer does not follow the command of the statute, it gets no tip credit). Because the
14  employer in Cumbie had not taken a tip credit, the court found no basis for concluding that
15  the employer's tip pooling arrangement violated § 203(m).

16         In contrast, here Durnez alleges, which the Court takes as true, that Vintage Bar took
17  a tip credit from Durnez's wage and required his participation in a tip pooling arrangement
18  that included a general manager who did not customarily and regularly receive tips. Based
19  on the statutory dictates of § 203(m), in these circumstances, the employer was not entitled
20  to take a tip credit. 29 U.S.C. § 203(m). Based on Durnez's allegation that while working
21  for Vintage Bar he was paid an hourly wage in an amount below the applicable minimum
22  wage, Durnez has properly raised a *prima facie* case of a minimum wage violation under 29
23  U.S.C. § 206(a). Therefore, Vintage Bar's motion to dismiss will be denied.

24         Accordingly, on the basis of the foregoing,

25         **IT IS HEREBY ORDERED** denying Vintage Bar's motion to dismiss the complaint
26  for failure to state a claim. (Doc. 14.)

27         **IT IS FURTHER ORDERED** requiring Vintage Bar to answer the complaint by
28  ///

1 **Friday, October 9, 2015.**

2     DATED this 24th day of September, 2015.

                                Stephen M. McNamee
                            Senior United States District Judge